```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

              against                    ORDER ADOPTING REPORT
                                         AND RECOMMENDATION
                                         02-CV-5216(JS)(WDW)

GIACOMO ARENA, also known as JACK
ARENA, MARGARET ARENA, also known
as MARGGIE ARENA, also known
as MARGGIE M. ARENA, also known
as MARGIE ARENA, COMMISSIONER OF
SOCIAL SERVICES OF SUFFOLK COUNTY,
DIRECTOR OF CHILD SUPPORT ENFORCEMENT
BUREAU, FRANK O'CONNOR, CC EMERALD
EQUITIES, LTD., COMMISSIONER OF
TAXATION & FINANCE, LEONARD J.
VIGLIATORE, PEOPLE OF THE STATE OF
NEW YORK, JOHN DOE 1 THROUGH 2,
inclusive, such name being fictitious
and unknown to plaintiff, the persons
or parties intended being tenants,
occupants, persons, corporations, or
other legal entities, if any, having
or claiming an interest in or lien
upon the premises described in the
cmp.,


                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:           Thomas A. McFarland, Esq.
                         United States Attorney's Office
                         Eastern District of New York
                         610 Federal Plaza
                         Central Islip, New York 11722

For Defendants:
Commissioner of          Marisa D. Pollina, Esq.
Social Services of       Suffolk County Attorney
Suffolk County,          H. Lee Dennison Building
Director of Child        100 Veterans Memorial Highway
Support Enforcement      Hauppauge, New York 11788
Bureau

Commissioner of          Rose F. Lowe, Esq.
```

| | |
|---|---|
| Taxation & Finance | NYS Attorney General's Office<br>300 Motor Parkway, Suite 125<br>Hauppauge, New York 11788 |
| Remaining Defendants | No Appearance |

SEYBERT, District Judge:

On September 26, 2002, Plaintiff filed this foreclosure action against Defendants. On October 25, 2006, Plaintiff moved for default judgment against the defaulting Defendants. On October 26, 2006, the Clerk of the Court certified that the following Defendants failed to answer or otherwise move in this action: Giacomo Arena, Margaret Arena, the Commissioner of Social Services of Suffolk County, the Director of Child Support Enforcement Bureau, Frank O'Connor, CC Emerald Equities, Ltd., Leonard J. Vigliatore, the Commissioner of Taxation & Finance, the People of the State of New York, and John Doe #1, also known as Jack Arena. On November 6, 2006, this Court referred the motion for default judgment to Magistrate Judge William D. Wall. On January 29, 2007, the Magistrate filed a Report and Recommendation ("January R&R").

Plaintiff requested two extensions of time to object to the January R&R. Plaintiff stated that it needed time to investigate whether two of the Defendants were deceased. In April of 2007, Plaintiff informed the Court that Defendants, Giacomo and Margaret Arena, were deceased. Then on April 16, 2007, Plaintiff moved to compel substitution of those Defendants by their son and administrator of their estate, Jack Arena.

On April 18, 2007, the Court referred this motion to compel substitution to the Magistrate to report and recommend on whether Plaintiff was entitled to the relief it requested. Further, the Court recommended that the Magistrate should, if necessary, amend the January R&R. Plaintiff was given ten days to object to both R&Rs after the Magistrate filed his report and recommendation on the motion to compel.

On August 24, 2007, the Magistrate entered his Report and Recommendation on the motion to compel ("August R&R"). In the August R&R, the Magistrate recommended the following: (1) that Plaintiff's motion to compel be granted, (2) that Jack Arena - as representative of the deceased Defendant Giacomo Arena - be substituted for Defendant Giacomo Arena, and (3) that Jack Arena's substitution extend only to his representative capacity as administrator of the estate and not in his individual capacity.

The Magistrate modified the January R&R as follows: (1) that no default judgment be entered against Margaret Arena, Giacomo Arena, and Jack Arena, and (2) that the names of Margaret Arena, Giacomo Arena, Jack Arena, and John Does #1 and #2 be stricken from the docket. The January R&R remains unchanged in all other respects and specifically as to the following: (1) that a Master be appointed in the event that a default judgment is entered against Jack Arena, (2) that the Plaintiff's proposed Judgment of Foreclosure and Sale be approved with appropriate changes to

3

reflect Giacomo Arena's death, and (3) that the award of monies be limited to $36,985.48 plus $570 in costs and $750 in Master's fees.

Plaintiff was given ten (10) days to file objections to the August R&R. On September 7, 2007 - the last day Plaintiff had to file an objection - Plaintiff requested an extension of time until September 21, 2007, to object to the August R&R. This request was not addressed by the Court, and Plaintiff did not file its objections. On Friday, September 21, 2007, Plaintiff asked for a second extension of time to object to the August R&R, which this Court denied on September 24, 2007.

The Court notes that Plaintiff asked for these two extensions of time to object on the very last day Plaintiff had to file its objections. To further exemplify Plaintiff's procrastination, Plaintiff initiated this lawsuit in 2002 - 25 years after the claims arose. (August R&R at 8, n. 1.) The Magistrate commented on whether it would be equitable to even serve a summons and complaint upon Jack Arena - five years after the lawsuit was initiated and twenty-five years after the claim arose. Plaintiff had allowed too much time to pass without actively pursuing its claims. (Id.) Based on the above, the Court rejected Plaintiff's second request for an extension of time to file objections and deemed the R&R's as unopposed. However, the Court notes that even if this Court granted Plaintiff's second request for a five-day extension of time, Plaintiff's objections would have

to have been filed by Friday, September 28, 2007.

As of the date of this Order - September 30, 2007 - the Court has not received any objections to the R&R's.  Accordingly, the Court ADOPTS both R&R's.  The Court GRANTS Plaintiff's motion to compel substitution, Jack Arena is now substituted for Defendant Giacomo Arena, but such substitution is limited to his representative capacity as administrator of the estate and not in his individual capacity.  Further, no default judgment will be entered against Margaret Arena, Giacomo Arena, and Jack Arena, and the names of Margaret Arena, Giacomo Arena, Jack Arena, and John Does #1 and #2 will be stricken from the docket. And lastly, a Master shall be appointed in the event that a default judgment is entered against Jack Arena. Plaintiff's proposed Judgment of Foreclosure and Sale is approved with appropriate changes to reflect Giacomo Arena's death, and the award of monies is limited to $36,985.48 plus $570 in costs and $750 in Master's fees.

## **CONCLUSION**

Upon review of the R&R's to which no party has objected, the Court ADOPTS the August R&R in its entirety and the January R&R to the extent that it was not modified by the August R&R.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September 30, 2007
         Central Islip, New York