UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

         - against -                    <u>MEMORANDUM AND ORDER</u>
                                        02-CV-5216(JS)(WDW)
GIACOMO ARENA, also known as JACK
ARENA, MARGARET ARENA, also known
as MARGGIE ARENA, also known
as MARGGIE M. ARENA, also known
as MARGIE ARENA, COMMISSIONER OF
SOCIAL SERVICES OF SUFFOLK COUNTY,
DIRECTOR OF CHILD SUPPORT ENFORCEMENT
BUREAU, FRANK O'CONNOR, CC EMERALD
EQUITIES, LTD., COMMISSIONER OF
TAXATION & FINANCE, LEONARD J.
VIGLIATORE, PEOPLE OF THE STATE OF
NEW YORK, JOHN DOE 1 THROUGH 2,
inclusive, such name being fictitious
and unknown to plaintiff, the persons
or parties intended being tenants,
occupants, persons, corporations, or
other legal entities, if any, having
or claiming an interest in or lien
upon the premises described in the
cmp.,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:              Thomas A. McFarland, Esq.
                           United States Attorney's Office
                           Eastern District of New York
                           610 Federal Plaza
                           Central Islip, New York 11722

For Defendants:
Commissioner of            Marisa D. Pollina, Esq.
Social Services of         Suffolk County Attorney
Suffolk County,            H. Lee Dennison Building
Director of Child          100 Veterans Memorial Highway
Support Enforcement        Hauppauge, New York 11788
Bureau

Commissioner of            Rose F. Lowe, Esq.
Taxation & Finance         NYS Attorney General's Office
                           300 Motor Parkway, Suite 125
                           Hauppauge, New York 11788

Remaining Defendants      No Appearance

SEYBERT, District Judge:

Pending before the Court is a motion for reconsideration filed by the United States of America ("Plaintiff") urging that the Court reconsider its September 30 2008 Order and award Plaintiff interest on its contractual claim against Defendants. For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

BACKGROUND

On September 26, 2002, Plaintiff filed this foreclosure action against Defendants. On October 25, 2006, Plaintiff moved for default judgment against the defaulting Defendants. On October 26, 2006, the Clerk of the Court certified that the following Defendants failed to answer or otherwise move in this action: Giacomo Arena, Margaret Arena, the Commissioner of Social Services of Suffolk County, the Director of Child Support Enforcement Bureau, Frank O'Connor, CC Emerald Equities, Ltd., Leonard J. Vigliatore, the Commissioner of Taxation & Finance, the People of the State of New York, and John Doe #1, also known as Jack Arena. On November 6, 2006, this Court referred the motion for default judgment to Magistrate Judge William D. Wall. On January 29, 2007, the Judge Wall filed a Report and Recommendation ("January R&R").

In April of 2007, Plaintiff informed the Court that Defendants, Giacomo and Margaret Arena, were deceased. Then on

April 16, 2007, Plaintiff moved to compel substitution of those Defendants by their son and administrator of their estate, Jack Arena.

On April 18, 2007, the Court referred this motion to compel substitution to Judge Wall to report and recommend on whether Plaintiff was entitled to the relief it requested. On August 24, 2007, Judge Wall entered his Report and Recommendation on the motion to compel ("August R&R"). In the August R&R, Judge Wall recommended the following: (1) that Plaintiff's motion to compel be granted, (2) that Jack Arena - as representative of the deceased Defendant Giacomo Arena - be substituted for Defendant Giacomo Arena, and (3) that Jack Arena's substitution extend only to his representative capacity as administrator of the estate and not in his individual capacity.

The August R&R modified the January R&R as follows: (1) that no default judgment be entered against Margaret Arena, Giacomo Arena, and Jack Arena, and (2) that the names of Margaret Arena, Giacomo Arena, Jack Arena, and John Does #1 and #2 be stricken from the docket. The January R&R remains unchanged in all other respects and specifically as to the following: (1) that a Master be appointed in the event that a default judgment is entered against Jack Arena, (2) that the Plaintiff's proposed Judgment of Foreclosure and Sale be approved with appropriate changes to reflect Giacomo Arena's death, and (3) that the award of monies be

limited to $36,985.48 plus $570 in costs and $750 in Master's fees.

On September 30, 2007, this Court issued an Order adopting Magistrate Judge Wall's Report and Recommendation in its entirety. Plaintiff thereafter filed a motion for reconsideration, which this Court granted in part and denied in part on September 30, 2008 ("September 2008 Order"). In its September 2008 Order, this Court found that Plaintiff was entitled to an additional $78,893.22 in money advanced to the Arenas, and $7,099.22 expended in property management expenses. However, the Court denied Plaintiff's request for $54,626.76 in interest on the advances, finding that the Government's twenty-five year delay in initiating this lawsuit rendered it inequitable to award interest. The Government again moves for reconsideration, now arguing that the Court erred in failing to grant interest.

DISCUSSION

I.   <u>Standard of Review</u>

Motions for reconsideration may be brought pursuant to Rules 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3. <u>See</u> <u>Wilson v. Pessah</u>, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. <u>Shamis v. Ambassador Factors Corp.</u>, 187 F.R.D. 148, 151,

4

(S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See <u>United States v. Gross</u>, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See <u>Lehmuller v. Inc. Vill. of Sag Harbor</u>, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. <u>Wechsler v. Hunt Health Sys.</u>, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, <u>inter alia</u>, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that is "invoked only upon a showing of exceptional circumstances." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986).

II. <u>Plaintiff's Motion is Denied</u>

At the outset, the Court notes that Plaintiff's motion was filed outside of the ten-day requirement for a motion for reconsideration. Because Plaintiff's Rule 59(e) motion was improperly filed "after the ten-day time limit for filing Rule 59

motions, [the Court] construes [its] Rule 59(e) motion as a Rule 60(b) motion for relief from judgment." Feldberg v. Quechee Lakes Corp., 463 F.3d 195, 198 (2d Cir. 2006). In either event, Plaintiff has not presented any arguments warranting reconsideration of the Court's Order.

In its September 2008 Order, the Court noted that Plaintiff initiated this lawsuit in 2002, twenty-five years after its claims arose. Although there is no statute of limitations governing a mortgage foreclosure action where the United States' recovery is limited to the proceeds of the foreclosure sale, the Court reasoned that the a "long delay can be taken into consideration in determining whether interest should be allowed and in what amount." United States v. Garcia & Diaz, Inc., 291 F.2d 242, 246 (2d Cir. 1961). Thus, the Court found that it would be inequitable for Plaintiff to receive twenty-five years worth of interest, particularly where Plaintiff has advanced no basis for its decision to delay for such a substantial time in bringing its claims.

Plaintiff now argues that Garcia is inapplicable to this case because Garcia discussed the common-law right to interest, and here, Plaintiff's have a contractual right to pre-judgment interest. The Court has reviewed Plaintiff's arguments and finds no grounds for reconsidering its previous Order.

While it is true that pre-judgment interest must be paid

on contractual debts to the Federal Government, "[t]his is not to say that an equitable consideration such as laches cannot bar an otherwise valid claim for interest." West Virginia v. United States, 479 U.S. 305, 311 n.3, 107 S. Ct. 702; 93 L. Ed. 2d 639 (1987). Two and one-half decades have passed since Plaintiff's claims arose, and over the passage of time, the Defendants have passed away. Both this Court and Judge Wall have repeatedly commented on whether it would be equitable to serve a summons and complaint upon Jack Arena, the substituted Defendant, twenty-five years after the claim arose. Plaintiff's second motion for reconsideration does not set forth any grounds for its inordinate delay. Thus, the Court finds that the equitable considerations in this case bar Plaintiff's claim for pre-judgment interest, and the Court DENIES Plaintiff's second motion for reconsideration.

CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    August  4 , 2009
          Central Islip, New York

7